## HENRY EVANS v. WILLIAM GRAVES.

If one member of a late firm, without the knowledge of the other, makes a promissory note in the name of the firm after its dissolution, and an action is brought upon it, but the member who drew the note is out of the State and not served with process, the other member in defending the action against himself alone, will not be permitted on the trial, to disprove the partnership at the time when the note was drawn, without an affidavit denying its existence, filed at, or before the time of pleading to the action.

ASSUMPSIT on a promissory note made by the late firm of Dubois & Graves, of which the defendant William Graves had been a member, to the plaintiff Henry Evans. Dubois the other member of the late firm of Dubois & Graves, had left the State and had not been served with process in the suit, which had issued against both of the members. The usual pleas were entered.

*Patterson*, for the plaintiff, proved the making and delivery of the promissory note and rested his case.

*Gordon*, for the defendant, said the defence would be that Dubois drew the note in the name of the firm of Dubois & Graves without the knowledge of Graves, five months after the firm had been dissolved; and was proceeding to prove this by a witness.

*Patterson* objected to the testimony as inadmissible. It was too late to deny the partnership, or to attempt to disprove its existence at the trial, as it purported to have been made by the firm of Dubois & Graves, and if it was the purpose of the defendant to deny this fact, he was bound at or before entering his pleas, to file an affidavit denying the existence of the partnership at the time the note was made, as required by the statute, *Rev. Code*, 378, *Sec.* 6, which he had not done.

*Gordon :* The objection was not well founded; for the

provision of the statute referred to did not apply to the case, as the suit was now against Graves alone, since the other partner of the late firm was residing out of the State and had not been served with process. The action was, therefore, as it stood, substantially against Graves his client, as a sole defendant.

*By the Court:* The action was against the partners as such and was so instituted and stated on the record of the suit, and of course, it is alleged in the *narr.* that the note was made by the firm of Dubois and Graves, by which it purports to have been drawn; and by force of the statute, this must be taken to be admitted as alleged in the record, unless it is denied by the affidavit of the defendant at, or before the time of pleading to the action. The Court therefore ruled out the evidence, and the plaintiff had a verdict.